# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                    NEWS RELEASE #032

FROM: CLERK OF SUPREME COURT OF LOUISIANA


The Opinions handed down on the **30th day of June, 2015**, are as follows:


**BY KNOLL, J.**:


2014-CA-2506      LEE W. RAND, JEREMY D. BOYCE, KEISHA M. GUICHARD, AND EDMOND J.
                  HARRIS v. CITY OF NEW ORLEANS (Parish of Orleans)

                  Accordingly, because plaintiffs have failed to follow the
                  strictures of motion for summary judgment procedure, we decline
                  to address the merits of plaintiffs' constitutional challenge.
                  Due to the fatal flaws present in plaintiffs' motion for summary
                  judgment, we reverse the District Court's judgment granting the
                  permanent injunction, reinstate the preliminary injunction
                  prohibiting the City from undertaking any hearings based on this
                  ordinance, and remand the matter to the trial court for further
                  proceedings.
                  REVERSED; PRELIMINARY INJUNCTION REINSTATED; REMANDED.

                  JOHNSON, C.J., concurs in result.

06/30/15

SUPREME COURT OF LOUISIANA

NO. 2014-CA-2506

LEE W. RAND, JEREMY D. BOYCE, KEISHA M. GUICHARD,
AND EDMOND J. HARRIS

VERSUS

CITY OF NEW ORLEANS

ON APPEAL
FROM THE CIVIL DISTRICT COURT FOR THE
PARISH OF ORLEANS

**KNOLL, J.**

This direct appeal was lodged in this Court concerning the constitutional sufficiency of the administrative adjudication procedure which the City of New Orleans has established for its citizens who challenge tickets that were issued automatically on the basis of photographic evidence obtained from traffic cameras.

In 2007, the City of New Orleans (the "City") enacted a group of ordinances, codified as Sections 154-1701 through 15-1704 of its Code of Ordinances, which created the Automated Traffic Enforcement System ("ATES"). In 2011, plaintiffs filed a "Petition for Preliminary and Permanent Injunction," alleging the administrative hearing procedure set out in these ordinances violated Louisiana State Constitution Article I, § 2 due process rights and Article I, §22 access to courts rights. Following an adversarial hearing, the District Court granted the plaintiffs a preliminary injunction "enjoining, prohibiting, and restraining the City of New Orleans from conducting any administrative hearings authorized by the enabling ordinance section 154-1701 et seq." The trial court further ordered that its ruling would be stayed "pending final resolution of a writ application to the 4th Circuit Court of appeals [sic] by the City of New Orleans." In its written reasons

for judgment, the District Court found:

> The enforcement procedure for the City of New Orleans' ('CNO's') Automated Traffic Enforcement System gives the CNO administrative authority to adjudicate violations. (New Orleans, La. Municipal Code of 2011, Article XVII, Sec. 154-1701).
> The CNO, therefore, has a financial stake in the outcome of the cases adjudicated by hearing officers in their employ and/or paid by them, raising due process considerations.

Thereafter, the City filed a supervisory writ application with the Fourth Circuit Court of Appeal. The Fourth Circuit affirmed, agreeing with the trial court's assessment of the due process problems inherent in the ATES administrative adjudication procedure and finding that "the trial court did not abuse its discretion because the Plaintiffs presented *prima facie* evidence that they are entitled to the preliminary injunction and may prevail on the merits."[1] The City filed a supervisory writ application with this Court seeking review of the District Court's judgment granting the plaintiffs the preliminary injunction. This Court unanimously denied the City's writ.[2]

Plaintiffs then filed a motion for summary judgment, arguing there is no genuine issue of material fact in dispute and they are entitled to summary judgment granting a ***permanent*** injunction as a matter of law based solely "on the affidavits attached and the opinion of the 4th Circuit Court of Appeals [sic] and the concurring opinion of Judge Belsom [sic]." Attached to the plaintiffs' motion for summary judgment were (1) the affidavits of plaintiffs, Keisha M. Guichard, Edmond J. Harris, Lee W. Rand, and Jeremy Boyce, (2) the District Court's judgment granting plaintiffs the ***preliminary*** injunction, along with the court's written reasons for judgment, (3) the Fourth Circuit's opinion affirming the judgment granting the ***preliminary*** injunction, and (4) this Court's action sheet, denying the City's application for supervisory review of the ***preliminary*** injunction. The City opposed the plaintiffs' motion, arguing that a motion for

---

[1] *Rand v. City of New Orleans*, 12-0348, p. 8 (La. App. 4 Cir. 12/13/12), 125 So.3d 476, 482.
[2] *Rand v. City of New Orleans*, 13-0119 (La. 3/1/13), 108 So.3d 1178.

2

summary judgment is not the appropriate procedural vehicle for consideration of a permanent injunction.[3] Following a hearing, the District Court issued a judgment granting plaintiffs' motion for summary judgment with the following additional language:

> **IT IS ORDERED, ADJUDGED AND DECREED,** that a permanent injunction issue herein, without bond, enjoining, prohibiting and restraining the City of New Orleans from conducting any administrative hearings by the enabling ordinance section 154-1701 et seq.
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED,**
> 1. Declaring the process of hearing unconstitutional and violative of the State Constitution Declaration of Rights article.
> 2. Ordering the City to terminate all attempts at hearings until the City corrects the process.
> 3. Find [sic] that all hearings held between February 2008 and present be declared in violation of the State Constitution.
> 4. All other general and equitable relief and the cost of these proceedings.

The City's direct appeal to this Court followed.

Louisiana Code of Civil Procedure Article 966 governs the procedure on a motion for summary judgment. Paragraph F is particularly relevant to our disposition of the present case. The first two subparagraphs of Paragraph F provide:

> (1) A summary judgment may be rendered or affirmed *only as to those issues set forth in the motion under consideration* by the court at that time.
>
> (2) Evidence *cited in* and *attached* to the motion for summary judgment or memorandum filed by an adverse party is *deemed admitted for purposes of the motion for summary judgment* unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph. *Only evidence admitted for purposes of the motion for summary judgment may be considered* by the court in its ruling on the motion....[4]

Upon *de novo* review of plaintiffs' motion for summary judgment and supporting evidence, we found numerous procedural problems with plaintiffs'

---

[3] Although this Court has not addressed this issue, we do not reach the issue in this opinion because the City abandoned this argument on appeal by failing to assign it as error. *See Boudreaux v. State, Dept. of Transp. and Development*, 01-1329, pp.4-5 (La. 2/26/02), 815 So.2d 7, 10-11.

[4] La. Code Civ. P. art. 966(F)(1)-(2) (emphasis added).

offerings. First, although plaintiffs pray for summary judgment "[d]eclaring the process of hearing unconstitutional and violative of the State Constitution Declaration of Rights article," plaintiffs do not attack the constitutionality of the administrative hearing procedure anywhere in their motion for summary judgment. Rather, the only argument plaintiffs raise in their motion is that they are entitled to summary judgment granting a *permanent* injunction because the Court of Appeal affirmed the District Court's judgment granting them a *preliminary* injunction. As the City points out in its brief, the burden of proof a plaintiff must meet to obtain a *preliminary* injunction is entirely different than the burden one must meet to obtain a *permanent* injunction. As this Court has explained,

> The issuance of a permanent injunction takes place only after a trial on the merits in which the burden of proof is a preponderance of the evidence, but a preliminary injunction may be issued on merely a *prima facie* showing by the plaintiff that he is entitled to relief. Notably, parties may agree to consolidate trial on the merits of a permanent injunction with the judgment issuing a preliminary injunction.[5]

The parties in this case did ***not*** stipulate to consolidate the trial on the merits of a permanent injunction with the judgment issuing the preliminary injunction. Indeed, the Court of Appeal made it very clear in its opinion that it merely found that plaintiffs "presented *prima facie* evidence that they are entitled to the preliminary injunction and may prevail on the merits."[6] Therefore, as a matter of law, plaintiffs would not be entitled to summary judgment granting a *permanent* injunction based solely on the fact that the District Court and the Court of Appeal determined it made the *prima facie* showing requisite to obtaining a *preliminary* injunction. Therefore, the District Court erred in finding plaintiffs were entitled to summary judgment on this basis. Because this is the only issue plaintiffs set forth in their motion for summary judgment, it is the only issue upon which summary judgment

---

[5] *Mary Moe, L.L.C. v. Louisiana Bd. of Ethics*, 03-2220, pp. 9-10 (La. 4/14/04), 875 So.2d 22, 29 (internal citations omitted).
[6] *Rand*, p. 8, 125 So.3d at 482.

4

could be rendered or affirmed.[7] As such, the constitutionality of the administrative hearing procedure is not properly before us.

Moreover, even if we were to countenance plaintiffs' prayer for summary judgment "[d]eclaring the process of hearing unconstitutional and violative of the State Constitution Declaration of Rights article" as sufficient to place the constitutionality of the administrative hearing procedure at issue, plaintiffs' evidentiary offering "for purposes of the motion for summary judgment"[8] was woefully inadequate. In addition to providing the procedure for admitting evidence for purposes of a motion for summary judgment, Article 966(F)(2) also plainly delimits the materials courts may consider on a motion for summary judgment. Under Article 966(F)(2), "[e]vidence *cited* in *and attached* to the motion for summary judgment or memorandum filed by an adverse party is *deemed admitted for purposes of the motion for summary judgment* unless excluded…." (emphasis added). Here, the only evidence plaintiffs cite and attach to their motion for summary judgment is plaintiffs' affidavits, the District Court's judgment granting the *preliminary* injunction, the Court of Appeal's opinion affirming that judgment, and this Court's action sheet denying the City's writ application seeking review of the judgment granting the *preliminary* injunction. Likewise, the only evidence the City submitted in opposition was the District Court's judgment, the Court of Appeal's opinion, and this Court's action sheet. Although the record on appeal contains additional materials which would be very helpful if the Court were to take up the constitutionality of the administrative hearing procedure on its merits, these materials are not within the field of evidence properly subject to the Court's consideration as "[o]nly evidence admitted for purposes of the motion for summary

---

[7] La. Civ. Code art. 966(F)(1) ("A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time.").
[8] La. Civ. Code. art. 966(F)(2).

judgment may be considered by the court in its ruling on the motion."[9]

Accordingly, because plaintiffs have failed to follow the strictures of motion for summary judgment procedure, we decline to address the merits of plaintiffs' constitutional challenge. Due to the fatal flaws present in plaintiffs' motion for summary judgment, we reverse the District Court's judgment granting the permanent injunction, reinstate the preliminary injunction prohibiting the City from undertaking any hearings based on this ordinance, and remand the matter to the trial court for further proceedings.[10]

**REVERSED; PRELIMINARY INJUNCTION REINSTATED; REMANDED.**

---

[9] La. Civ. Code. art. 966(F)(2).

[10] We note in passing that the District Court's judgment granting the permanent injunction also granted plaintiffs declaratory relief even though declaratory relief was not specifically requested by the plaintiffs. On remand, the parties may amend their petition to seek declaratory relief, if appropriate.

06/30/15

SUPREME COURT OF LOUISIANA

NO. 2014-CA-2506

LEE W. RAND, JEREMY D. BOYCE, KEISHA M. GUICHARD,
AND EDMOND J. HARRIS

VERSUS

CITY OF NEW ORLEANS

ON APPEAL
FROM THE CIVIL DISTRICT COURT FOR THE
PARISH OF ORLEANS

JOHNSON, C.J., concurs in the result.