# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 22-745


**TENRINES THIBODEAUX**

**VERSUS**

**SHOPPERS VALUE FOODS, ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20193270
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**D. KENT SAVOIE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Van H. Kyzar, and Ledricka J. Thierry, Judges.


**REVERSED AND REMANDED.**

Anthony M. Fazzio
Attorney at Law
4906 Ambassador Caffery Parkway
Building J, Suite 1000
Lafayette, Louisiana 70508
(337) 406-1122
COUNSEL FOR PLAINTIFF/APPELLANT:
    Tenrines Thibodeaux

Michael J. Remondet, Jr.
Allison M. Ackal
Jeansonne & Remondet
Post Office Box 91530
Lafayette, Louisiana 70509
(337) 237-4370
COUNSEL FOR DEFENDANT/APPELLEE:
    Argonaut Great Central Insurance Company

Nicholas J. Zeringue
Benjamin S. Rogers
Zeringue Law Group
Post Office Box 759
Thibodeaux, LA 70302
(985) 447-7540
COUNSEL FOR DEFENDANT/APPELLEE:
    Lafayette Piggly Wiggly, LLC

**SAVOIE, Judge.**

Plaintiff Tenrines Thibodeaux appeals the judgment of the trial court, striking certain exhibits from the record, granting the Motions for Summary Judgment filed by Defendants Argonaut Great Central Insurance Company, Lafayette Piggly Wiggly, LLC, and Chip Jones, and dismissing Plaintiff's claims with prejudice. For the following reasons, we reverse and remand.

### FACTS AND PROCEDURAL HISTORY

On June 24, 2018, Tenrines Thibodeaux was shopping at Shoppers Value Food Store in Lafayette, Louisiana, when he slipped and fell on water leaking from a cooler. Mr. Thibodeaux filed suit on May 28, 2019, for injuries he sustained as a result of the fall, naming as Defendants: Lafayette Piggly Wiggly, L.L.C., owner of the store; Chip Jones, employee (referred to collectively as Piggy Wiggly); and Argonaut Great Central Insurance Company (Argonaut). On May 2, 2022, Argonaut filed a Motion for Summary Judgment, seeking dismissal of Mr. Thibodeaux's claims. Piggly Wiggly and Mr. Jones soon followed with their own Motion for Summary Judgment, adopting by reference Argonaut's motion.

On July 5, 2022, Mr. Thibodeaux filed an opposition to the motions for summary judgment, attaching several exhibits. These exhibits included his affidavit and the affidavit of his expert in forensic engineering, Phillip Beard.

A hearing on the motions for summary judgment was held on July 18, 2022. Defendants objected to Mr. Thibodeaux's affidavit and Mr. Beard's affidavit, and the trial court sustained the objections, striking the affidavits from the record. The trial court then found that Mr. Thibodeaux failed "to make the requisite showing on [La.R.S.] 9:2800.6(B)(1), that an unreasonably dangerous condition pre-existed the incident, and on [La.R.S.] 9:2800.6(B)(2), that the merchant had actual or

constructive notice of such a condition, prior to the occurrence." For these reasons, the trial court granted the motions for summary judgment, dismissing Mr. Thibodeaux's claims with prejudice.

Mr. Thibodeaux now appeals.

## ASSIGNMENTS OF ERROR

1. The [trial] court erred in excluding from evidence the affidavit of Thibodeaux's expert engineer, Philip Beard, P.E.

2. The [trial] court erred in excluding from evidence the affidavit of Plaintiff, Tenrines Thibodeaux.

3. The [trial] court erred in accepting in evidence the unsworn statements and affidavits of Defendants' store managers.

4. The [trial] court erred in granting Defendants' motion for summary judgment and dismissing Thibodeaux's claims against Defendants.

5. Alternatively, the [trial] court erred in granting summary judgment to defendants Lafayette Piggly Wiggly, LLC and Chip Jones.

## LAW AND DISCUSSION

### I.    *Standard of Review*

In *Pollock v. MDA Consultants, L.L.C.*, 22-540, pp. 7–8 (La.App. 3 Cir. 2/1/23), 362 So.3d 929, ___, *writ denied*, 23-551 (La. 6/7/23), 361 So.3d 976 (alterations in original), this court explained:

> The summary judgment procedure is expressly favored in the law and "is designed to secure the just, speedy, and inexpensive determination of every action[.]" La.Code Civ.P. art. 966(A)(2). Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544. "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).
>
> The burden of proof on a motion for summary judgment rests with the mover: here, the Defendants. La.Code Civ.P. art. 966(D)(1).

2

In this matter, the Defendants will not bear the burden of proof at trial; the burden of proof rests with the Plaintiff. Thus, once the Defendants properly support their motion for summary judgment, then under La.Code Civ.P. art. 966(D)(1), they need only "point out to the court the absence of factual support for one or more elements essential" to the Plaintiff's medical malpractice claim.

Thereafter, the burden shifts to the Plaintiff "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the [Defendants are] not entitled to judgment as a matter of law." La.Code Civ.P. art. 966(D)(1). The Plaintiff "may not rest on the mere allegations or denials of [her] pleading, but [her] response . . . must set forth specific facts showing that there is a genuine issue for trial. If [she] does not so respond, summary judgment, if appropriate, shall be rendered against [her]." La.Code Civ.P. art. 967(B).

## II. *Assignments of Error Nos. One, Two and Three – Affidavits*

### A. Philip Beard, P.E.

In opposition to Defendants' Motions for Summary Judgment, Mr. Thibodeaux submitted the affidavit of his expert engineer, Philip Beard, along with his curriculum vitae and methodology. Defendants objected to this evidence, arguing that Mr. Beard's affidavit is based purely on conjecture. Specifically, Defendants complained that Mr. Beard did not conduct a site inspection or perform any slip resistant testing.

Mr. Thibodeaux contends that Mr. Beard is qualified to present his opinions concerning the cause of the fall and Defendants' liability, listing the following qualifications: (1) a Bachelor of Science degree in civil engineering; (2) Fifty-three years of general engineering experience; (3) extensive expert witness testimony relative to structural design, structural forensics, and slip, trip, and fall cases; (4) numerous forensic investigations of structural/architectural damage; (5) past qualifications as an expert in civil/structural engineering, structural forensics, and premises liability; and (6) current engineering registration in Louisiana since 1973.

Mr. Thibodeaux further maintains Defendants' argument that Mr. Beard's testimony should be excluded because he never inspected the site is baseless. Mr. Thibodeaux asserts that Mr. Beard's inability to inspect the store was caused solely by Defendants' failure to preserve the premises and the evidence after declaring bankruptcy. On January 15, 2020, Shopper's Value notified the Fifteenth Judicial District Court that it was seeking bankruptcy protection[1]. Mr. Thibodeaux notes that this was six months after Shopper's Value filed its answer and before any significant discovery was conducted. The case remained dormant for fifteen months, until April 2021. No discovery was allowed during this period. Also during this time, Shoppers Value abandoned the building. Consequently, Mr. Beard was unable to inspect the premises. Mr. Beard's affidavit specifically states that "[d]ue to bankruptcy and the abandonment of the original facility, no site investigation or slip resistant testing has been performed."

Louisiana Code of Evidence Article 702(A) describes when the testimony of an expert witness is admissible:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (1) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (2) The testimony is based on sufficient facts or data;
>
> (3) The testimony is the product of reliable principles and methods; and
>
> (4) The expert has reliably applied the principles and methods to the facts of the case.

---

[1] J-H-J, Inc. d/b/a/ Shopper's Value, although originally named as a defendant, was later voluntarily dismissed from the suit by Mr. Thibodeaux on July 9, 2019.

4

"Testimony in the form of an opinion or inference otherwise admissible is not to be excluded solely because it embraces an ultimate issue to be decided by the trier of fact." La.Code Evid. art. 704. "The standard of review for a trial court's decision to admit expert testimony is the abuse of discretion standard." *Fontenot v. Safeway Co. of LA*, 20-365, p. 2 (La.App. 3 Cir. 6/9/21) (unpublished opinion), *writ denied*, 21-1001 (La. 11/3/21), 326 So.3d 890 (citing *Godchaux v. Peerless Ins. Co.*, 13-1083, p. 3 (La.App. 3 Cir. 6/4/14), 140 So.3d 817, 821, *writ denied*, 14-1411 (La. 10/3/14), 149 So.3d 801).

Defendants did not file a *Daubert* motion in this matter, and they have not complained of Mr. Beard's qualifications, methodology, or reliability. Defendants' objections to Mr. Beard center on his lack of a site inspection and that his opinions are based on conjecture.

In preparing his report, Mr. Beard relied on the Petition for Damages, the deposition testimony of Mr. Thibodeaux, the affidavits of Mr. Thibodeaux, witness Kendra Edmond, and store managers Charles Lejeune and Jason Barker, the Shoppers Value accident report, and the Motions for Summary Judgment filed by Defendants. The fact that Mr. Beard did not conduct a site inspection or perform slip resistant testing at the site should not be held against Mr. Thibodeaux. Mr. Thibodeaux should not be deprived of an expert due to Shopper's Value's actions in filing bankruptcy and abandoning the site. Mr. Beard relied on all the evidence available to him in making his report, and we find those facts to be sufficient for him to render an opinion regarding Defendants' actions. For these reasons, we find that the trial court abused its discretion in striking Plaintiff's expert report.

5

## B. Tenrines Thibodeaux

Plaintiff next complains that the trial court erred in striking his affidavit. Defendants objected to the affidavit, arguing that it was self-serving, and the trial court agreed.

In *Joseph v. Lowe's Home Centers, Inc.*, 22-694 (La.App. 3 Cir. 5/24/23) (unpublished opinion), plaintiff filed suit, alleging that a roll of vinyl flooring fell from a shelf and landed on her, causing her injuries. Lowe's filed a Motion for Partial Summary Judgment on the issue of liability. Its employee testified that she witnessed plaintiff grab a roll of vinyl flooring, which caused it to fall onto plaintiff. Plaintiff testified that it was the Lowe's employee that grabbed the roll of vinyl flooring for plaintiff. Plaintiff further testified that as the employee walked away to price the roll, a roll fell off the shelf onto plaintiff, injuring her. Lowe's argued that her affidavit was self-serving, and, as such, plaintiff was unable to carry her burden. The trial court agreed and granted Lowe's Motion for Partial Summary Judgment. Plaintiff appealed. On appeal, this court explained:

> Credibility assessment is not appropriate for summary judgment. *O'Neal v. Foremost Ins. Co.,* 18-510, p.8 (La.App. 3 Cir. 2/13/19), 265 So.3d 846, 852, states:
>
>> "The credibility of a witness is a question of *fact."* *Hutchinson v. Knights of Columbus, Council No. 5747,* 03-1533, p.8 (La. 2/20/04). 866 So.2d 228, 234. In determining whether a genuine issue exists, "courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence." *Smith v. Our Lady of the Lake Hosp., Inc.,* 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. Specifically, "[a] trial court judge cannot make credibility determinations on a motion for summary judgment." *Hutchinson,* 866 So.2d at 234.

*Id*. at p. 6 (alteration in original).

A panel of this court reversed the trial court's ruling, finding that summary judgment was inappropriate in this case because "the conflicting testimonies . . . create a genuine issue of material fact[.]" *Id*. at p. 9.

Similarly, in the present case, Mr. Thibodeaux testified in his affidavit that he reported the slip and fall to Jason Barker, the manager of the store. He further testified that Mr. Barker admitted to him that the ice cooler was leaking for a while. Attached to Defendants' Motion for Summary Judgment is the affidavit of Mr. Barker, wherein he denies speaking to Mr. Thibodeaux. Additionally, Mr. Thibodeaux testified to the water on the floor and his slip and fall. Mr. Barker testified that the area where the incident occurred was not a problem area, and no one reported a spill or water on the floor. Further, he testified that after reviewing surveillance footage of the area, he did not see anyone fall.

> An affidavit may not be used to defeat summary judgment when it is "self-serving." *George v. Dover Elevator Co.*, 2002-0821, p. 4 (La. App. 4 Cir. 9/25/02), 828 So. 2d 1194, 1197. An affidavit is "self-serving" when: 1) it is inconsistent with previous sworn depositions—with no explanation for the inconsistencies; 2) is offered after the motion for summary judgment was filed; and 3) claims to create an issue of material fact.

*Dean v. De La Salle of New Orleans, Inc.*, 21-388, p. 10 (La.App. 4 Cir. 12/21/21), 334 So.3d 425, 431. Defendants do not argue nor show that Mr. Thibodeaux's affidavit is inconsistent with prior deposition testimony. Therefore, his affidavit fails to meet the definition of self-serving. Defendants also argue that, because Plaintiff introduced his deposition into evidence, his affidavit should be excluded. Defendants do not cite this court to any law which supports this argument.

Further, "'[a] plaintiff may not satisfy his/her burden on summary judgment by relying on allegations and uncorroborated, self-serving testimony in response to the defendant's properly made and supported motion for summary judgment.'"

*Davis v. Consol. Rd. Dist. A for Par. of Jefferson*, 22-240, p. 8 (La.App. 5 Cir. 10/5/22), 355 So.3d 1, 6 (quoting *Caminita for and on behalf of Caminita v. Roman Catholic Church of Archdiocese of New Orleans*, 20-54, pp. 1–2 (La. App. 5 Cir. 7/8/20), 299 So.3d 1269, 1272)). Mr. Thibodeaux's affidavit is not uncorroborated. Attached to his Opposition to the Motions for Summary Judgment is the affidavit of Ms. Edmond. She testified that she and her daughter were in Shoppers Value on June 24, 2018, to buy milk. Her affidavit states, in part:

4. I noticed that the ice cooler was leaking.

5. I told my daughter to be careful because I almost slipped because of the leaking cooler.

6. I saw Mr. Tenrines Thibodeaux coming around the corner, slip, and grab a box.

7. I saw Mr. Tenrines Thibodeaux tell the store manager that there was water on the floor.

8. There were no signs saying, "caution wet floor."

9. I told the manager that the public needed to be warned that the floor was wet.

10. I told the manager that I almost slipped in the water.

11. I saw the water coming from under the machine.

Mr. Thibodeaux's claims in his affidavit are clearly corroborated by Ms. Edmond's affidavit. For the foregoing reasons, we find that Mr. Thibodeaux's affidavit is not self-serving, is admissible, and should not have been excluded from evidence.

### C. Store Managers

In his Opposition to the Motions for Summary Judgment, Mr. Thibodeaux objected to all of the evidence presented by Defendants, including the admission of the unsworn written statements and affidavits of store managers Mr. LeJeune and

Mr. Barker. It is the admission of these unsworn written statements to which Mr. Thibodeaux now appeals. At the hearing on the motions, counsel for Mr. Thibodeaux reiterated his objections, stating, "I object[] to all the evidence Defense proposed." Plaintiff's objections are also noted in the minutes prepared by the Minute Clerk which states, "[Plaintiff's counsel] made an oral objection to all of the evidence the defendants proposed." The trial court failed to rule on these objections. A ruling cannot be found in the transcript, the minutes or in the judgment appealed.

In *Rand v. City of New Orleans*, 17-596, pp. 7-8 (La. 12/6/17), 235 So.3d 1077, 1082, plaintiff requested injunctive relief that was not ruled upon at the trial court level. The supreme court stated, "Because the district court's judgment is silent on the relief requested, *i.e.*, a permanent injunction against the City conducting administrative review processes, that request for an injunction is deemed denied." Accordingly, in the present case we will deem the objections made by Mr. Thibodeaux to be denied.

In *Cupit o/b/o Cupit v. Twin City Fire Insurance Co.*, 17-918 (La.App. 3 Cir. 3/14/18), 240 So.3d 993, the plaintiff complained that a letter filed by defendant in support of its motion for summary judgment did not meet the requirements of La..Code Civ.P. art. 966(A)(4) because it was an unsworn document. Louisiana Code of Civil Procedure Article 966(A)(4) states that "[t]he only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions."

The *Cupit* court explained:

> Louisiana Code of Civil Procedure articles 966 and 967 do not permit a party to utilize unsworn and unverified documents as summary judgment evidence.

> Thus, a *document that is not an affidavit* or sworn to in any way, or is not certified *or attached to an affidavit*, has no evidentiary value on a motion for summary judgment. Therefore, in meeting the burden of proof, unsworn or unverified documents, such as letters or reports, annexed to motions for summary judgment are not self-proving and will not be considered; attaching such documents to a motion for summary judgment does not transform such documents into competent summary judgment evidence.

*Id*. at 999 (quoting *Bunge N. Am., Inc. v. Bd. of Commerce & Indus. and La. Dept. of Econ. Dev.*, 07-1746, p. 24 (La.App. 1 Cir. 5/2/08), 991 So.2d 511, 527, *writ denied*, 08-1594 (La. 11/21/08), 996 So.2d 1106).

The court in *Cupit* distinguished the *Bunge* case because in *Bunge*, the unsworn or unverified documents were not attached to an affidavit. Rather, they were discovery responses attached to the motion for summary judgment. In *Cupit*, the court found that the letter complained of by the plaintiff was attached to an affidavit, and it was, therefore, not unsworn or unverified.

Likewise, in this case, the unsworn documents to which Mr. Thibodeaux objects, are attached to the affidavits of Mr. LeJeune and Mr. Barker. Thus, the documents were properly admitted. This assignment is without merit.

### III.  *Assignment of Error Number Four*

Mr. Thibodeaux argues that the trial court erred in granting Defendants motions for summary judgment.

Mr. Thibodeaux's claims are governed by La.R.S. 9:2800.6, which covers claims against merchants. In order to succeed on his claim, Mr. Thibodeaux must prove the following:

> (1)   The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La.R.S. 9:2800.6(B).

"A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La.R.S. 9:2800.6(A). A merchant must make "a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." *Id*.

We previously found that the affidavits of Mr. Thibodeaux and Mr. Beard should have been accepted by the trial court. These affidavits, in addition to the affidavit of Ms. Edmond, conflict with the affidavits of Mr. LeJeune and Mr. Barker, creating genuine issues of material fact under La.R.S. 9:2800.6. As such, we find that summary judgment should have been denied.

## DECREE

For the foregoing reasons, the judgment of the trial court granting the motion for summary judgment filed by Defendants Argonaut Great Central Insurance Company, Lafayette Piggly Wiggly, LLC, and Chip Jones is reversed. The matter is remanded to the trial court for further proceedings consistent herewith. Costs of this appeal are assessed against Argonaut Great Central Insurance Company, Lafayette Piggly Wiggly, LLC, and Chip Jones.

**REVERSED AND REMANDED.**

11