787 So.2d 620 (2001)
Elizabeth THOMPSON, et vir.
v.
Horace G. McKNIGHT, et al.
No. 01-0190.
Court of Appeal of Louisiana, Third Circuit.
June 6, 2001.
Alan Johnson, Attorney at Law, Pineville, LA, Counsel for Plaintiffs/Appellants, Elizabeth and Mark Thompson.
William H. deLaunay Jr., Provosty, Sadler & deLaunay, Alexandria, LA, Counsel for Defendant/Appellee, Landmark American Insurance Co.
Court composed of OSWALD A. DECUIR, MARC T. AMY, and GLENN B. GREMILLION, Judges.
GREMILLION, Judge.
In this case, the plaintiffs, Elizabeth and Mark Thompson, appeal the judgment of the trial court dismissing their claim and granting a motion for summary judgment in favor of the defendant, Landmark American Insurance Company. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
On April 17, 1995, Elizabeth was traveling westbound on Mason Street in Alexandria, Louisiana, when she was rear-ended by Horace McKnight, who was driving a tractor trailer owned by Roy Hunt. The Thompsons alleged that McKnight was in the course and scope of his employment, thus, Hunt was vicariously liable for McKnight's negligence. The Thompsons later amended their petition to include Landmark alleging that the "Hired Autos Only" and/or the "Nonowned Autos Only" provision provided insurance coverage for *621 McKnight on the Hunt-owned vehicle. The Landmark policy was issued to Larry Malone d/b/a Central Forest Products and Malone Brothers Forest (collectively referred to as Malone). McKnight had just delivered a load of timber to Malone at the time of the accident.
The trial court granted summary judgment in favor of Landmark with respect to the "Hired Autos Only" provision of the policy finding that Malone did not have any direct control over the employees or equipment used by Hunt. The trial court then denied summary judgment with regard to the "Nonowned Autos Only" provision but later granted it after additional evidence was presented as to whether the vehicle was used in connection with Malone's business.
The Thompsons assign as error the trial court's grant of Landmark's motion for summary judgment for lack of coverage under the "Nonowned Autos Only" provision in the policy.

SUMMARY JUDGMENT
On appeal, summary judgments are reviewed de novo. Magnon v. Collins, 98-2822 (La.7/7/99); 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks in determining whether summary judgment is appropriate. Id. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La. Code Civ.P. art. 966(B). Summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2). In this case, there are no factual matters in dispute. Rather, the case involves the interpretation of an insurance policy, a question of law, and we have authority to construe the provisions of the policy in order to resolve questions of coverage. Stoute v. Long, 98-683 (La. App. 3 Cir. 12/9/98); 722 So.2d 102.

COVERAGE
The Thompsons urge that the only issue in dispute is whether the tractor trailer owned by Hunt and driven by McKnight constituted an insured vehicle under the "Nonowned Autos Only" provision of the Landmark policy. However, as Landmark points out, in order to be afforded any coverage under the policy, an insured must be legally liable to an injured party. The policy reads:
COVERAGE
We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
(Emphasis added).
1. WHO IS AN INSURED:
The following are "insureds":
A. You for any covered "auto"
SECTION 1COVERED AUTOS 50-NONOWNED "AUTOS" ONLY. Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "private passenger type autos" owned by your employees or partners or members of their households but only while used in your business or personal affairs.
We need not address whether the vehicle driven by McKnight is a non-owned covered auto because the Thompsons have failed to prove any legal liability on the part of Malone and, in fact, have admitted that Malone is not vicariously liable for the negligence of McKnight, who is an independent contractor. Once the trial court found that McKnight and Hunt were independent *622 contractors,[1] Malone could not be held vicariously liable for McKnight's negligence. Thus, there was no legal liability for Malone, the insured party, and no obligation for Landmark to pay.
Nearly identical facts were presented to the Second Circuit in Ledent v. Guaranty National Insurance Co., 31,346 (La.App. 2 Cir. 12/28/98); 723 So.2d 531. There, the plaintiff argued that the paper company was vicariously liable for the negligence of the tractor-trailer driver (Pearson) hired by Isaac Fields, who in turn, had been hired by the party (Stokes) who contracted with the paper company to cut and haul timber. The court, after first affirming the independent contractor status of Pearson, Fields, and Stokes, found that the paper company was not vicariously liable for Pearson's negligence because he was an independent contractor. Therefore, summary judgment in favor of the paper company was affirmed.
The plaintiff in Ledent also alleged that Pearson was covered under Stokes' policy, specifically the "Nonowned Autos Only" provision.[2] The court held:
Any coverage afforded under the policy for the liability of its insured, Stokes, is contingent upon Stokes having liability be it personal or vicarious. As we have already found that the record is devoid of evidence of liability on the part of Stokes, the policy does not provide coverage of Pearson's vehicle.
Id. at 541.
We agree with the reasoning of our colleagues on the Second Circuit and find that McKnight is not afforded coverage under Malone's policy unless it is first shown that Malone is liable. The Thompsons have failed to do this. Therefore, no genuine issues of material fact exist as to whether Malone is legally liable, and the vehicle owned by Hunt and driven by McKnight is not covered under the Landmark policy. Accordingly, summary judgment granted in favor of Landmark American Insurance Company is affirmed. All costs of this appeal are assessed against the plaintiffs-appellants, Mark and Elizabeth Thompson.
AFFIRMED.
NOTES
[1] The Thompsons did not assign any errors to this judgment.
[2] The provision in this policy is identical to the one before this court.