MARC E. JOHNSON, Judge.
12This is a tort action arising out of a motor vehicle accident. Plaintiff appeals the trial court’s granting of summary judgment in favor of Affirmative Insurance Company (“Affirmative”), finding there was no insurance coverage to Plaintiff for his loss because of an exclusion in the policy for unlicensed drivers. For the following reasons, we affirm.

FACTS & PROCEDURAL HISTORY

Plaintiff, Darryl Parker, filed suit seeking damages for property and personal injuries he allegedly sustained in an automobile accident that occurred on January 27, 2014, when a vehicle driven by Laquida Taplin collided with his vehicle, a 2001 BMW, at the intersection of Lapalco Blvd. and Ames Blvd.[1] Plaintiff named as defendants Ms. Taplin; her insurer, State Farm Mutual Automobile Insurance Company; and his insurer, Affirmative. He *1185 alleged that Affirmative provided comprehensive and collision coverage for his 2001 BMW, and that it had denied his claim for property damage in bad faith.
| ¡Affirmative subsequently filed a motion for summary judgment claiming that the policy at issue excluded collision coverage for loss caused by an unlicensed driver. Affirmative asserted that Plaintiff was an unlicensed driver and, thus, the policy did not provide first party collision coverage for the accident at issue. In support of its motion for summary judgment, Affirmative attached a certified copy of the insurance policy issued to Plaintiff and a copy of the police report that showed Plaintiff was cited for having no driver’s license,
Plaintiff opposed the motion, arguing that the exclusion at issue was not enforceable under the law. He also argued that even if the exclusion was permissible, Affirmative was estopped from enforcing it because Affirmative knew at the time it issued the policy that Plaintiff did not have a driver’s license. In support of his opposition, Plaintiff attached his own affidavit stating that he informed the lady who assisted him with the purchase of the policy that he did not have a valid driver’s'license and that the lady advised him that he would nonetheless be able to purchase the automobile policy. Plaintiff maintained that the factual issue of whether Affirmative knew that he did not possess a valid driver’s license at the time it issued the policy precluded summary judgment.
After a hearing, the trial court granted Affirmative’s motion for summary judgment and dismissed Plaintiff’s claims against Affirmative with prejudice. Plaintiff appeals this ruling.

ISSUE

On appeal, Plaintiff asserts the trial court erred in granting summary judgment. He contends Affirmative waived its right to seek énforcement of the exclusion in the policy, or is estopped from enforcing the provision, because Affirmative knew Plaintiff was an unlicensed ‘driver, issued the policy anyway, and accepted premium payments for the policy.

J4LAW & ANALYSIS

• Appellate courts review the granting or denying of a summary judgment -de novo, using the same criteria applied by the trialcourts to determine whether summary judgment is appropriate. Davis v. Scottsdale Ins. Co., 13-255 (La.App. 5 Cir. 10/80/13); 128 So.3d 471, 475, writ denied, 13-2818 (La.2/14/14); 132 So.3d 967. Summary judgment is appropriate where there are no genuine issues of material fact and the mover is entitled to judgment as a, matt,er of law. La. C.C.P. art. 966(B)(2). The interpretation of an insurance policy is usually a legal question that can be properly resolved on a motion for summary judgment. Bonin v. Westport Ins. Corp., 05-886 (La.5/17/06); 930 So.2d 906, 910.
An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Bonin, 930 So.2dt 910. The judicial responsibility in interpreting insurance contracts is to determine the parties’ common intent. La. C.C. art. 2045; Louisiana Ins. Guar. Ass’n. v. Interstate Fire &. Casualty Co., 93-911 *1186 (La.1/14/94); 630 So.2d 759, 763. The parties’ intent, as reflected by the words of the policy, determines the extent of coverage. Louisiana Ins. Guar. Ass’n v. Interstate Fire & Casualty Co., supra.
Unless the words of the policy have acquired a technical meaning, the words used in the policy will be construed using their plain, ordinary and generally prevailing meaning. La. C.C. art. 2047; Cadwallader v. Allstate Ins. Co., 02-1637 (La.6/27/03); 848 So.2d 577, 580. When the words of an insurance contract are clear and explicit and lead to no absurd consequences, courts must enforce the contract as written. La. C.C. art. 2046; Green v. Johnson, 14-292 (La.10/15/14); 149 So.3d 766, 776.
lnAn insurance company may limit coverage in any manner, as long as the limitations do not conflict with statutory provisions or public policy. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180, 1183. A provision which seeks to narrow the insurer’s obligation is strictly construed against the insurer. Id.
A review of the policy at issue shows that Affirmative provided automobile insurance for a 2001 BMW operated by Plaintiff and his spouse, Sandra Scien-eaux, effective January 4, 2014 through July 6, 2014.[2] The policy provided liability coverage in the amount of $15,000 for each person, $30,000 for each accident, and $25,000 for property damage for each occurrence. It also provided comprehensive and collision coverage subject to a $500 deductible.
Under the terms of the policy, collision coverage was provided for property damage to the insured vehicle caused by a collision. However, collision coverage was subject to any applicable exclusion in the policy. The policy specifically provided in pertinent part:
Exclusions for Parts D [Comprehensive Loss Coverage], E [Collision Coverage], F [Towing and Labor Coverage] and G [Rental Reimbursement Coverage]
There is no Coverage For Damage To Your Auto for:
[[Image here]]
4. Loss caused by any person driving any auto insured under Parts D, E, F, and/or G without a valid and current driver’s license.
Plaintiff does not disputé the fact that he did not possess a valid driver’s license at the time of the accident.' Thus, under the plain words of the insurance contract, he was not afforded collision coverage under the terms of the insurance contract. However, Plaintiff argues Affirmative shoüld not be allowed to rely on this exclusion under the theory of detrimental reliance. In support of his position, | (¡Plaintiff relies on his affidavit wherein, he stated that he was told by an agent for Affirmative that he could purchase the insurance policy even though he did not have a valid driver’s license.
Under the theory of detrimental reliance, “[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying.” La. C.C. art. 1967. The purpose of the doctrine of detrimental reliance is to *1187 “prevent injustice by barring a party from taking a position 'contrary to his prior acts, admissions, representations, or silence.” Suire v. Lafayette City-Parish Consol. Gov’t, 04-1459 (La.4/12/05); 907 So.2d 37, 59. To prove detrimental reliance,, a party must show by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one’s detriment because of the reliance. Id.
Even assuming Plaintiffs statements in his affidavit are true, we find them inconsequential. According to Plaintiffs affidavit, when he purchased the automobile insurance in August 2013, he told Affirmative’s agent that “he did not have a valid driver’s license on that date,” and she then “informed Plaintiff that he would be able to purchase an automobile policy with Affirmative Insurance Company though he did not possess, a valid driver’s license.” This statement does not indicate what type of coverage would be afforded — only-that insurance could be purchased. Nowhere in Plaintiffs affidavit does he claim that the agent made any representations regarding the coverage provided by the policy, • or that the agent indicated Plaintiff would be provided collision .coverage despite not having a valid driver’s license in derogation of the clear terms of the contract. Additionally, in his application for insurance, Plaintiff indicated that he was instructed to read his Impolicy. Based on the record before us, we find no evidence to support a claim of detrimental reliance.
We note that the policy at issue provided Plaintiff with the insurance coverage required by law; namely, compulsory automobile liability under La. R.S. 32:861. Conversely, there is no statutory requirement or public policy .that mandates collision coverage for all persons. Thus, Affirmative was free to exclude collision coverage for those persons without a valid driver’s license.

DECREE

Based on the foregoing, we find Affirmative is entitled to summary judgment as a matter of law. It is undisputed that Plaintiff did not possess a valid driver’s license at the time of the accident at issue. Under the terms of the insurance contract, collision coverage was excluded for persons without a valid driver’s license. Additionally, Plaintiff presented no evidence that Affirmative’s agent made any representations regarding the type of coverage provided by the policy that would support his claim of detrimental reliance so as to preclude summary judgment. Accordingly, we find the trial court properly granted summary judgment in favor of Affirmative.

AFFIRMED

. The record shows that Plaintiff first purchased automobile insurance with Affirmative for his 2001 BMW on July 3, 2013, which was effective from July 3, 2013 through January 2, 2014.