COUNSEL FOR PLAINTIFF/APPELLANT, SHANE SALATHE, Richard C. Trahant, Jack E. Morris, Metairie
COUNSEL FOR DEFENDANT/APPELLEE-2ND APPELLANT, CONSOLIDATED SEWERAGE DISTRICT NO. 1 OF THE PARISH OF JEFFERSON, Guice A. Giambrone, III, Metairie, Jacob K. Best, New Orleans
COUNSEL FOR DEFENDANT/APPELLEE, ALTERRA AMERICA INSURANCE COMPANY, Patrick J. McShane, Danica B. Denny, Kathleen P. Rice, New Orleans
COUNSEL FOR DEFENDANT/APPELLEE-2ND APPELLANT, AMERICAN ALTERNATIVE INSURANCE COMPANY, Tara E. Clement, Jameson M. Taylor, New Orleans
COUNSEL FOR DEFENDANT/APPELLEE, AMERISURE MUTUAL INSURANCE COMPANY, Glen E. Mercer, Kourtney T. French, New Orleans
Panel composed of Judges Susan M. Chehardy, Stephen J. Windhorst, and John J. Molaison, Jr.
SUSAN M. CHEHARDY CHIEF JUDGE
On appeal, appellants - Shane Salathe, the Parish of Jefferson, and its insurer, American Alternative Insurance Company - seek review of the trial court's grant of partial summary judgment in favor of Alterra America Insurance Company and Amerisure Insurance Company. For the following reasons, we reverse the partial summary judgment.
Factual and Procedural History
On November 7, 2014, the Consolidated Sewerage District No. 1 of the Parish of Jefferson (hereinafter "the Parish") and Fleming Construction Company, LLC (hereinafter "Fleming") entered a contract for replacement or restoration of existing sewer mains in Jefferson Parish. The "Standard General Conditions of the Construction Contract" (hereinafter "General Conditions Contract") between the Parish and Fleming required Fleming to procure certain insurance policies naming the Parish as an additional insured, including, inter alia , a commercial general liability and umbrella policy and also indemnifying the Parish, except in the instance of the sole negligence of the Parish.
On or about August 26, 2014, Fleming procured from Amerisure the Commercial General Liability policy bearing Policy No. GL 20778990301,[1] (hereinafter "Amerisure policy"), effective from August 1, 2014 through August 1, 2015, with the limit of $1,000,000.00 per occurrence. Further, Fleming procured from Alterra America Insurance Company the Commercial Excess Liability policy bearing Policy No. MAXA3EC50001291 (hereinafter "Alterra policy"), effective from August 1, 2014 *432 through August 1, 2015, with the limit of $5,000,000.00 per occurrence.
On January 8, 2015, the Parish issued a work order to Fleming to "Change all 4 Discharge Base Elbows, rails & all piping in wet wells" at Lift Station E7-6 in Metairie. On February 5, 2015, a Fleming foreman, Shane Salathe, appellant herein, descended a ladder into the wet well to perform his work. As Mr. Salathe ascended the ladder to exit the wet well, he grasped the door to the well to steady himself. When he put pressure on the door, the locking arm on the hatch door failed, allowing the door to slam, which caused Mr. Salathe to fall off of the ladder. Mr. Salathe fell almost thirty feet to the bottom of the well and suffered a traumatic brain injury and paraplegia.
On May 1, 2015, Mr. Salathe filed a petition for damages, naming the Parish as defendant. In his petition, Mr. Salathe contends that the Parish is liable for his injuries through its negligence in, inter alia , failing to maintain the hinge on the door to the well, which failed and caused his injuries. On August 7, 2017, Mr. Salathe filed a "Second Amended Supplemental, Restated and Superseding Petition" adding, as defendants, the Parish's insurer, American Alternative Insurance Company (hereinafter "AAIC"), and Fleming's insurers, Amerisure and Alterra (hereinafter "Fleming's insurers") because of their contractual obligation to defend and indemnify the Parish as a named insured.
On October 16, 2017, Fleming's insurers filed their joint motion for partial summary judgment asking the trial judge to declare that the contractual indemnity and insuring agreements between the Parish and Fleming are "void, null, and unenforceable" under Louisiana law. To their motion, Fleming's insurers attached a copy of Jefferson Parish Resolution No. 113647, including the General Conditions Contract.
On February 2, 2018, Mr. Salathe filed his opposition to Fleming's insurers' motion for partial summary judgment contending, inter alia , that their motion did not raise any issues directed at his action against Fleming's insurers and, thus, the motion is of no moment to his case. On April 10, 2018, the Parish and its insurer, AAIC, filed their opposition to Fleming's insurers' motion for partial summary judgment contending that, even if the indemnity provision is void, the contractual obligation requiring the Parish to be a named insured on Fleming's commercial and excess liability policies is allowed by statute. On April 18, 2018, Fleming's insurers filed a reply memo in support of their motion for partial summary judgment urging a finding that the contractual indemnity provision at issue is void and unenforceable.
On April 25, 2018, the trial court heard argument and granted partial summary judgment in favor of Fleming's insurers "to the extent that the indemnity provision would be interpreted to require indemnification for Jefferson Parish's own negligence and with regard to Jefferson Parish being named as an additional insured under the policy." On May 9, 2018, the trial judge signed a written judgment finding:
the contractual indemnity and insuring agreements between the Parish ... and Fleming ... are void .... Based on the foregoing ruling, all claims asserted by Shane Salathe against Amerisure ... under [CGL] policy number GL 20778990301 ... and against Alterra ... under [CEL] policy number MAXA3EC50001291 ... are dismissed, with prejudice , with each party to bear its own costs. (Emphasis added.)
The trial judge certified this as a partial final judgment. Mr. Salathe, the Parish, *433 and AAIC all seek review of that partial final judgment.
Law and Argument
Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria governing the district court's consideration of whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Breaux v. Fresh Start Properties, L.L.C. , 11-262 (La. App. 5 Cir. 11/29/11), 78 So.3d 849, 852.
The version of La. C.C.P. art. 966[2] in effect at the time of the summary judgment hearing in this case provides, "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). "The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La. C.C.P. art. 966(A)(4). Further, "[t]he court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made." La. C.C.P. art. 966(D)(2). Comment (k) of La. C.C.P. art. 966 explains that "[s]ubparagraph (D)(2) makes clear that the court can consider only those documents filed in support of or in opposition to the motion."
The burden is on the party seeking summary judgment to establish that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). Specifically, an appellate court must determine whether any genuine issues of material fact exist and whether the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).
The interpretation of an insurance policy is usually a legal question that can be properly resolved on a motion for summary judgment. Robinson v. Heard , 01-1697 (La. 2/26/02), 809 So.2d 943, 945. However, a summary judgment declaring lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence in support of the motion for summary judgment, under which coverage could be afforded. Davis v. Scottsdale Ins. Co. , 13-255 (La. App. 5 Cir. 10/30/13), 128 So.3d 471, 475, writ denied , 13-2818 (La. 2/14/14), 132 So.3d 967.
Turning now to the matters at hand, Mr. Salathe, in his appellate brief, argues that the trial judge erred in granting Fleming's insurers' motion for partial summary judgment and dismissing his claims against them for insurance coverage under the Amerisure and Alterra policies. Specifically, Mr. Salathe points out that, in their motion, Fleming's insurers did not ask for his claims against them to be dismissed but rather that the "contractual indemnity and insuring obligations between" the Parish and Fleming be deemed void. Mr. Salathe argues that the motion for partial summary judgment did not seek a judgment against him so it cannot adjudicate his claims. We agree.
*434 First, we note that the written judgment signed on May 9, 2018 does not comport with the trial judge's verbal judgment rendered at the hearing on the motion for partial summary judgment. More importantly, as Mr. Salathe points out, La. C.C.P. art. 966(F) provides that summary judgment may be rendered or affirmed "only as to those issues set forth in the motion under consideration by the court at that time."
Our careful review of their motion for partial summary judgment reveals that Fleming's insurers only prayed that the "contractual indemnity and insuring obligations between" the Parish and Fleming be deemed void as a matter of law, not that Mr. Salathe's claims be dismissed. Accordingly, summary judgment cannot be rendered as to Mr. Salathe's claims. See Rand v. City of New Orleans , 14-2506 (La. 6/30/15), 173 So.3d 1148, 1151. This judgment is reversed with respect to Mr. Salathe's claims against Fleming's insurers, Amerisure and Alterra.
Next, the Parish and AAIC argue that the trial court erred in finding that the Parish does not remain as an "additional insured" under the commercial general liability and commercial excess liability policies. For the following reasons, we reverse the trial court's grant of summary judgment in favor of Flaming's insurers.
Under La. C.C.P. art. 966(D)(2), "[t]he court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made." Comment (k) of La. C.C.P. art. 966 explains that "[s]ubparagraph (D)(2) makes clear that the court can consider only those documents filed in support of or in opposition to the motion." Moreover, summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Reynolds v. Select Props. , 93-1480 (La. 4/11/94), 634 So.2d 1180, 1183.
To the motion for partial summary judgment seeking to void portions of Fleming's contract with the Parish, Fleming's insurers attached only one exhibit: a copy of Jefferson Parish Resolution 113647. Later, Fleming's insurers introduced evidence that this resolution was a true and correct copy of the resolution produced by the Parish in discovery. However, there is no supporting affidavit to authenticate this document. Our own review of the document reveals that it is only a generic blank version of a resolution; Fleming is not mentioned in the document and, thus, it is not a copy of the contract between the parties.
More importantly, the insurers did not produce copies of either of their policies that are the subject of this motion. As summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, it seems intuitive that a copy of the policy must be reviewed in order to interpret it. Here, there were no copies attached to this motion. Accordingly, we find that Fleming's insurers, as movers for partial summary judgment, did not meet their burden of proof that they were entitled to judgment as a matter of law. For the foregoing reasons, we reverse the trial court judgment granting partial summary judgment.
Costs
La. C.C.P. art. 2164 mandates that the appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. Further, this court may award damages, including attorney *435 fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable. La. C.C.P. art. 2164.
In the instant case, the written judgment provided to the trial court by counsel for Fleming's insurers did not accurately reflect the verbal judgment of the trial court at the hearing. This mistake caused Mr. Salathe to incur the cost of appealing the judgment to preserve his claims against Fleming's insurers. Thus, Fleming's insurers shall bear all costs of Mr. Salathe's appeal.
Conclusion
In conclusion, we reverse the trial court's grant of partial summary judgment in favor of Amerisure and Alterra. As they are not the prevailing party, Amerisure and Alterra shall bear all costs of this appeal.
REVERSED .
MOLAISON, J. CONCURS IN THE RESULT.

At all times pertinent to this litigation, Amerisure also carried workers' compensation insurance for Fleming Construction, Inc., which is not the subject of this appeal. Further, Amerisure carried an Owners and Contractors' Protection ("OCP") Liability Policy issued to Fleming, naming Jefferson Parish as an additional insured, which is at issue in this litigation but not the subject of this appeal.

Pursuant to Acts 2015, No. 422, § 1, effective January 1, 2016, La. C.C.P. art. 966 was extensively revised.