BRANDY BARKER

VERSUS

CITY OF GRAND ISLE

NO. 19-C-451

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 786-834, DIVISION "A"
HONORABLE RAYMOND S. STEIB, JR., JUDGE PRESIDING

January 08, 2020

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and John J. Molaison, Jr.

**REVERSED**
    **MEJ**
    **RAC**
    **JJM**

COUNSEL FOR PLAINTIFF/RESPONDENT,
BRANDY BARKER
David P. Vicknair
Keegan E. Chopin
Hope E. Hughes

COUNSEL FOR DEFENDANT/RELATOR,
TOWN OF GRAND ISLE
Christopher M. Moody
Albert D. Giraud

**JOHNSON, J.**

Relator, City of Grand Isle[1] ("Grand Isle"), seeks review of the trial court's September 4, 2019 judgment denying its Motion for Summary Judgment against Respondent/Plaintiff, Brandy Barker. Grand Isle prays that this Court grant its motion for summary judgment and dismiss the matter, with prejudice, at plaintiff's cost. For the following reasons, we grant the writ application.

On April 13, 2018, Brandy Barker attended the Blessing of the Fleet Fair organized by Grand Isle. Ms. Barker first used the restroom trailer at least 20 minutes after arriving at the fair. She testified that she wore flip-flops that night that were "maybe a year old," and recalled that the floors were a little wet, but "not like the second time" she used the restroom. Ms. Barker went to use the restroom trailer approximately two hours later and noticed that the floors were very wet. She said that she could not recall whether or not the floor underneath the stall she entered was wet. As she prepared to use the restroom, Ms. Barker slipped and fell. As a result of the fall, Ms. Barker broke her tibia, fibia and ankle, and dislocated her other ankle.

Grand Isle moved that it was entitled to summary judgment because of the lack of evidence that Grand Isle had constructive notice of the restroom trailer conditions and that the alleged defective condition was open and obvious, and therefore not unreasonably dangerous. At the August 28, 2019 hearing on the motion, Grand Isle argued that summary judgment was not precluded on the issue of whether a condition was open and obvious. The trial judge noted that he has been overturned before by this Court because "water on the floor is, difficult to prove to be open and obvious to everyone and that that was a question of fact, and that's, that's where I have to fall."

---

[1] We note that area is incorporated as "Town of Grand Isle" and case caption is incorrect.

Appellate courts review motions for summary judgment *de novo*, asking the same questions as the trial court to determine whether summary judgment is appropriate. *Salathe v. Parish of Jefferson Through Department of Sewerage*, 19-251 (La.App. 5 Cir. 7/22/19); -- So.3d --, 2019 WL3294958 at **3 citing *Champagne v. Ward*, 03-3211 (La. 1/19/05), 893 So.2d 773, 776. In determining whether there are any genuine issues of material fact, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. *Id.* citing *Davis v. Scottsdale Ins. Co.*, 13-255 (La. App. 5 Cir. 10/30/13); 128 So.3d 471, 475-77. "Under La. R.S. 9:2800, in order to prove a public entity is liable for damages caused by a thing, the plaintiff must establish: (1) custody or ownership of the defective thing by the public entity; (2) the defect created an unreasonable risk of harm; (3) the public entity had actual or constructive notice of the defect; (4) the public entity failed to take corrective action within a reasonable time; and (5) causation." *Chambers v. Village of Moreauville*, 11-898 (La. 1/24/12); 85 So.3d 593, 597.

Grand Isle urges that there is a lack of factual support for Ms. Barker's claim that it had constructive notice of the condition of the restroom trailer at the fair. The plaintiff bears the burden at trial of proving actual or constructive notice. *White v. Select Specialty Hosp.*, 12-611 (La.App. 5 Cir. 3/13/13); 110 So.3d 1254, 1260-61. Constructive notice is defined by La. R.S. 9:2800 as the existence of facts that infer actual knowledge. *Jones v. Hawkins*, 98-1259 (La. 3/19/99); 731 So.2d 216, 220.

In the instant case, Ms. Barker and the other affiants admit that they did not advise Fair employees of the restroom trailer conditions. Two of the three witnesses who accompanied Ms. Barker to the fair said in their sworn affidavits that they went into the same restroom trailer one hour and one and a half hours before Ms. Barker slipped and fell in the stall. All witnesses, including the one

who accompanied Ms. Barker to the restroom trailer the first time, approximately thirty minutes after the group arrived at the fair, reported that the restroom floor was wet with clear water/liquid. All three also noted that it had been raining for several hours that night, and the Fair rides were shut down because of the weather.

If the mover will not bear the burden of proof at trial . . . on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim . . . but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim. La. C.C.P 966(D)(1). Grand Isle argues that the wet restroom trailer floor was an open and obvious condition, and therefore not unreasonably dangerous. Based on the evidence presented, we agree. Ms. Barker and her witnesses all testified that it was raining outside that night and the restroom trailer floor was wet. The affiant that went to the same restroom trailer where Ms. Barker's accident took place approximately an hour and a half earlier testified that the toilets were clearly backed up and had been overflowing, the floor of the restroom trailer was very dirty, "muddy around the sink and general walking spaces," and full of water and that because the clear nature of the liquid she "could not see whether the floors in the actual stalls were flooded [. . . but] assumed it was slippery and wet due to the toilet paper sticking to the floors in the bathroom stall I observed[.]"

Summary judgment is not precluded "[. . .] when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous." *Allen v. Lockwood*, 14-1724 (La. 2/13/15); 156 So.3d 650, 653 citing *Bufkin v. Felipe's Louisiana, LLC*, 14-0288 (La. 10/15/14); 171 So.3d 850, 861 n.3. "The determination of an unreasonable risk of harm is a question of fact; however [. . .], our jurisprudence does not preclude the granting of a motion for summary judgment in cases where the plaintiff is unable to produce

factual support for his or her claim that a complained-of condition or thing is unreasonably dangerous. *Bufkin, supra* at 859.

Considering the foregoing, we find that the water on the restroom floor was an open and obvious condition and, therefore, not unreasonably dangerous.

*DECREE*

Based on the foregoing reasons, we find that the Ms. Barker is unable to prove the City of Grand Isle is liable under La. R.S. 9:2800 for damages. We grant Grand Isle's motion for summary judgment and Ms. Barker's petition is dismissed, without prejudice. All parties to bear their own costs on appeal.

**<u>REVERSED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JANUARY 8, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

## 19-C-451

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. RAYMOND S. STEIB, JR. (DISTRICT JUDGE)
CHRISTOPHER M. MOODY (RELATOR)          KEEGAN E. CHOPIN (RESPONDENT)

### MAILED
ALBERT D. GIRAUD (RELATOR)              DAVID P. VICKNAIR (RESPONDENT)
ATTORNEY AT LAW                         HOPE E. HUGHES (RESPONDENT)
1250 SW RAILROAD AVENUE                 ATTORNEYS AT LAW
SUITE 170                               909 POYDRAS STREET
HAMMOND, LA 70403                       SUITE 1100
                                        NEW ORLEANS, LA 70112