NICOLE R. JACKSON

VERSUS

B.A.L. & ASSOCIATES, LLC, AND
R. JOSEPH TAMIMIE, MD

NO. 22-C-179

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 788-403, DIVISION "H"
HONORABLE DONALD L. FORET, JUDGE PRESIDING


September 21, 2022


**JOHN J. MOLAISON, JR.**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and John J. Molaison, Jr.


**REVERSED**
    **JJM**
    **SMC**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
NICOLE R. JACKSON
 Pamela W. Carter
 Linda Estelle Gonzales
 Atticus Hanrahan

COUNSEL FOR DEFENDANT/RESPONDENT,
B.A.L. AND ASSOCIATES
 Carl E. Hellmers, III

COUNSEL FOR DEFENDANT/RELATOR,
DR. R. JOSEPH TAMIMIE
 Christy M. Howley
 M. Elizabeth Bowman

COUNSEL FOR DEFENDANT/RESPONDENT,
LANDMARK AMERICAN INSURANCE COMPANY
 Adam D. Whitworth

**MOLAISON, J.**

The appellant, Dr. Joseph Tamimie, seeks review of the trial court's denial of his motion for summary judgment. For the following reasons, we reverse.

## PROCEDURAL HISTORY

The appellee, Nicole Jackson, filed the lawsuit below which alleges that the appellant, Dr. Joseph Tamimie, improperly communicated the results of a positive drug screen which ultimately led to her termination of employment by Hiller Company. Dr. Tamimie filed a motion for summary judgment, which was denied following a hearing on March 29, 2022. At issue in the instant application is whether the trial court erred in determining that there were genuine issues of material fact as to whether Dr. Tamimie violated applicable state and federal guidelines in disclosing her drug test results and whether Dr. Tamimie breached a contractual duty to B.A.L. that caused damages to Ms. Jackson as a third party.

## LAW AND ANALYSIS

Appellate courts review the granting or denying of a summary judgment *de novo*, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. *Davis v. Scottsdale Ins. Co.*, 13-255 (La. App. 5 Cir. 10/30/13), 128 So.3d 471, 475, *writ denied*, 13-2818 (La. 2/14/14), 132 So.3d 967. Summary judgment is appropriate where there are no genuine issues of material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2).

After our *de novo* review of the application, we find the following facts to be uncontested: Ms. Jackson was employed by Hiller as a non-DOT (Department of Transportation) employee; Ms. Jackson's voluntary drug test, which was collected at B.A.L. & Associates, LLC ("B.A.L."), and tested by Quest Diagnostics, was positive for amphetamines; at the time of the drug test, Ms. Jackson claims to have had a valid prescription for Adderall, which is an amphetamine; Dr. Tamimie

served as B.A.L.'s medical review officer ("MRO") and reviewed the results of Ms. Jackson's test; Dr. Tamimie's office made three unsuccessful attempts over a 72-hour period from October 17, 2017, through October 20, 2017, to contact Ms. Jackson in order allow her to explain the presence of amphetamines in her sample; at no time did Ms. Jackson respond to Dr. Tamimie's messages; after unsuccessfully attempting to contact Ms. Jackson, Dr. Tamimie certified to B.A.L. that Ms. Jackson's drug test was positive for amphetamines, and; Dr. Tamimie did not communicate the results of Ms. Jackson's drug test to Hiller, only to B.A.L.

*SAMHSA Guidelines*

LSA-R.S. 49:1005(B) provides that the type of drug testing conducted in this case shall be in compliance with Substance Abuse and Mental Health Services Administration ("SAMHSA") guidelines. Ms. Jackson does not allege the guidelines in the actual testing for a non-DOT employee were not followed. She also does not dispute the test result that her sample tested positive for amphetamines. Ms. Jackson does allege, however, that there is an issue of material fact of whether Dr. Tamimie failed to follow "SAMHSA 4.2."

We first note that the provision of "SAMHSA 4.2," captioned as "Who may not collect a specimen?" and which is attached to Ms. Jackson's opposition to the motion for summary judgment as "Exhibit 6," appears to have been provided in error.[1] The accurate reference to the suggested protocols used by MROs in contacting a specimen donor is found in section 4.2 of the publication "Medical Review Officer Guidance Manual for Federal Workplace Drug Testing Programs"

---

[1] While she incorrectly provided the text of section 4.2, Ms. Jackson's argument below accurately identified the recommended guidelines found in "Medical Review Officer Guidance Manual for Federal Workplace Drug Testing Programs." Dr. Tamamie specifically referenced this publication in his motion for summary judgment, as well as correct excerpt from the publication, and the website at which the entire version is located. Appellate courts are allowed to take judicial notice of governmental websites. See, La. C.E. art. 201, *Mendoza v. Mendoza*, 17-70 (La. App. 4 Cir. 6/6/18), 249 So.3d 67, *writ denied*, 18-1138 (La. 8/31/18), 251 So.3d 1083, and *Daurbigney v. Liberty Pers. Ins. Co.*, 18-929 (La. App. 3 Cir. 5/9/19), 272 So.3d 69, 71. Another exhibit in the record, a letter from Dr. Brian M. Bourgeois to counsel for B.A.L., also provides an excerpt from the guidance manual, which Dr. Bourgeois acknowledges is not a mandatory protocol for MROs making a determination of a lab result.

titled "Donor Interview," which became effective on October 1, 2017. The manual, which is not codified, states in its preface:

> This guidance is intended to assist Medical Review Officers (MROs) in carrying out their regulated responsibilities under the Mandatory Guidelines for Federal Workplace Drug Testing Programs using Urine (82 FR 7920). **This guidance does not establish legally enforceable responsibilities,** but may reference actions or responsibilities that are required under statutory or regulatory authorities. **The use of the word "should" in this guidance means that something is suggested or recommended, but not necessarily required by law.**

[Emphasis added.] Without the force of law, we find that the guidance provided therein does not serve as a standard under which Dr. Tamimie could have sustained liability. Even so, it appears from the record before us that Dr. Tamimie did, in fact, substantially comply with the recommendations for contacting Ms. Jackson, only certifying the positive result after she failed to return the three calls from his office.

Related to this argument by Ms. Jackson in her opposition were assertions that there were genuine issues of material fact:

> 1. Whether Plaintiff failed to answer or return the MRO's phone calls.
> 2. Whether the drug test results for Ms. Jackson were accurate, considering she was not provided with the opportunity to submit a valid, legal prescription.
> 5. Whether Dr. Tamimie was required to allow five business days for Ms. Jackson to respond after his first attempt at contact.

As noted above, evidence was presented that Dr. Tamimie attempted on three occasions to contact Ms. Jackson to no avail. Ms. Jackson stated in her deposition that she never spoke to, or returned phone calls to, Dr. Tamimie's office about her drug test. Had she replied, however, she would have had the opportunity to provide information about any prescriptions she may have been taking to explain the presence of amphetamines in her sample.[2]

---

[2] We also note that section 5.4 of Hiller's "Substance Abuse Program Policy Manual," identified as Exhibit 5 in Ms. Jackson's opposition to the motion for summary judgment provides:

Considering the foregoing, we do not find that Ms. Jackson showed that there is a genuine issue of material fact as to whether Dr. Tamimie violated SAMHSA drug testing guidelines when he confirmed that Ms. Jackson's sample was positive for amphetamines.

***Allegations involving B.A.L.***

In opposing the motion for summary judgment, Ms. Jackson argued that Dr. Tamimie was negligent "by failing to advise BAL when he was unable to make contact with Ms. Jackson, per the parameters of Dr. Tamimie's assignment as MRO outlined in B.A.L.'s letter of October 13, 2017." The letter referred to by Ms. Jackson states, in its entirety:

> Please perform a Medical Review on the results of a Reasonable cause drug test for <u>Nicole Jackson</u> an employee of <u>Hebert Hiller</u>. Client provided telephone number 504-274-6662. If you cannot make contact, please advise and the company will facilitate.

[Emphasis as in the original.] As can be seen from the plain language of the letter, the form of the advisal is not specified.

Ms. Jackson contends that the foregoing letter constitutes a contract between B.A.L. and Dr. Tamimie, which created a legal obligation by Dr. Tamimie to her, personally.[3] Ms. Jackson further argues that the letter "clearly imposes upon Dr.

---

A confirmed positive result may be caused by prescribed medications. Notify your supervisor of medications you have recently taken that may affect your drug test. In case of a confirmed negative
result, the employee will be reimbursed for the expense of confirmation.

While there is evidence in the record that Ms. Jackson followed this exact procedure for a prior 2015 drug test, it is not clear whether Ms. Jackson availed herself of this remedy with Hiller after her most recent test was returned as positive. In any event, Hiller's compliance with its own policy can in no way be attributed to Dr. Tamimie.

[3] In support of this argument below, Ms. Jackson relied upon cases such as *Elliott v. Lab'y Specialists, Inc.*, 588 So.2d 175 (La. Ct. App. 1991), *writ denied*, 592 So. 2d 415 (La. 1992), wherein this Court held that there was a non-contractual obligation between companies testing for drugs and the person being tested to the extent that the laboratories had a duty to analyze bodily fluid in a "scientifically reasonable manner." *Elliot*, and the other opinion cited by Ms. Jackson on this issue, *Lewis v. Aluminum Co. of Am.*, 588 So. 2d 167 (La. Ct. App. 1991), *writ denied*, 592 So.2d 411 (La. 1992), are distinguishable in one important respect: the instant case does not involve an error in testing or a false positive result. As previously noted, the result of Ms. Jackson's test which showed positive for amphetamines is not contested.

Tamimie duties beyond the standard SAMHSA guidelines," which he accepted "when he began his performance by serving as MRO for Ms. Jackson's drug screen."

The record before us provides no basis to support Ms. Jackson's contention that Dr. Tamimie breached any duty to B.A.L. First, as noted above, there is no evidence that Dr. Tamimie failed to follow any laws pertaining to the actual handling of the sample. There is no dispute that the sample was, in fact, positive for amphetamines. An attachment to Dr. Tamimie's motion for summary judgment titled, "Medical Review Officer's Contact Record of Urine Drug Screen/Alcohol Testing," records in writing Dr. Tamimie's three unsuccessful attempts to contact Ms. Jackson. In his deposition, Dr. Tamimie stated that it was his practice to declare a negative or positive finding after contacting Mr. Balash at B.A.L. In this case, Dr. Tamimie stated that he certified the finding as positive after documenting that he had not been able to make contact with Ms. Jackson. Dr. Tamimie further indicated that the call log documenting the phone calls to Ms. Jackson was part of the record of the test certification. One exhibit included in the record, a letter dated December 14, 2021 from Dr. Brian M. Bourgeois to counsel for B.A.L., opines that Dr. Tamimie fulfilled his role as MRO for B.A.L. on October 20, 2017, when he transmitted his signed letter and call log to B.A.L.

Therefore, even if were to conclude that B.A.L.'s letter of October 13, 2017, to Dr. Tamimie imposed an additional contractual duty to notify B.A.L. of an inability to contact Ms. Jackson, Ms. Jackson has not demonstrated a failure by Dr. Tamimie to convey the documentation to B.A.L. of the three unsuccessful attempts to contact her. What B.A.L. did with that information after it was provided, however, is not attributable to Dr. Tamimie. Accordingly, we find no merit in Ms. Jackson's argument, as raised below.

## CONCLUSION

After our *de novo* review of the record before us, we find there is no genuine issue of material fact as to whether Dr. Tamimie complied with all applicable laws in his certification of Ms. Jackson's urine test results. We also find that Ms. Jackson has not demonstrated a genuine issue of material fact regarding her allegation that Dr. Tamimie breached a contractual duty to B.A.L.  Accordingly, we reverse the trial court's ruling, grant summary judgment in Dr. Tamimie's favor, and dismiss with prejudice Ms. Jackson's claims against Dr. Tamimie.

### REVERSED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 21, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-C-179**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD L. FORET (DISTRICT JUDGE)
LINDA ESTELLE GONZALES (RESPONDENT)      PAMELA W. CARTER (RESPONDENT)          CHRISTY M. HOWLEY (RELATOR)
M. ELIZABETH BOWMAN (RELATOR)            ADAM D. WHITWORTH (RESPONDENT)

### MAILED
CARL E. HELLMERS, III (RESPONDENT)       ATTICUS HANRAHAN (RESPONDENT)
ATTORNEY AT LAW                          ATTORNEY AT LAW
1100 POYDRAS STREET                      9217 JEFFERSON HIGHWAY
SUITE 3700                               NEW ORLEANS, LA 70123
NEW ORLEANS, LA 70163